UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22738-CIV-WILLIAMS

JAMES M. BRANDON,

    Plaintiff,

vs.

NEW POWER GENERATION, *et al.*,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendants' motions to dismiss or strike the amended complaint (DE 80, 82, 83, 88), Plaintiff's motion to stay (DE 85), Attorney Destardes Moore's motion to withdraw as counsel (DE 92), and Plaintiff's motion for extension of time (DE 93). The Court held a hearing in this matter on April 8, 2016.

The problematic procedural history of this case is laid out more fully in the Court's previous order. (DE 77). Despite serious concerns about the conduct of the litigation, on February 5, 2016, the Court permitted Plaintiff to file a second amended complaint and ordered that the amended complaint "shall specifically identify the nature of the copyright he purportedly owns and identify the corresponding registration. Plaintiff shall further identify exactly what copyright interest he contends Girl 6 infringed." (DE 77).

On February 16, 2016, Plaintiff filed a 78-page second amended complaint.[1] In the amended complaint, Plaintiff alleges that the song Phone Sex was created in 1993

---

[1] Plaintiff once again fails to identify his citizenship. Nonetheless, because this case is brought under the Copyright Act, diversity of citizenship is not at issue.

1

and that he "disseminated the musical composition to 'Phone Sex' to various record labels, recording artists, and radio stations in efforts to secure placement for the group GOMAB." (DE 79 ¶¶ 13-14).[2] Plaintiff alleges that while promoting Phone Sex he sent a copy of the song to the soundtrack coordinator for the film Girl 6. (Id. ¶¶ 15-18).

Plaintiff asserts that the musical composition Phone Sex has "a valid copyright registration Pau 1-980-216 and Pau 2-245-998." (Id. ¶ 27) (emphasis added). Plaintiff contends that a cassette tape as well as lyrics sheets for Phone Sex were submitted to the Copyright Office in 1995 along with the registration application. (Id. ¶ 28). The amended complaint states that Plaintiff is in the process of submitting a Form CA to the Copyright Office. (Id. ¶ 29). Plaintiff alleges that on December 14, 2013, he obtained by assignment all of the exclusive rights to the musical composition Phone Sex. (DE 79 ¶ 31). Plaintiff subsequently recorded the assignment with the Copyright Office on January 8, 2014. (Id. ¶ 32). According to Plaintiff, the song Girl 6 is substantially similar to Phone Sex. (Id. ¶ 25).

On February 17, 2016, Defendant Elm moved to dismiss the amended complaint. (DE 80). On March 3, 2016, Defendants Forty Are and a Mule Filmworks, Inc. and Warner Bros. Records, Inc. both moved to dismiss the complaint. (DE 82, 83). Four days later, on March 7, 2016, Plaintiff filed a motion to voluntarily dismiss this action without prejudice. (DE 84). In that motion, Attorney Moore stated that she was "nearly 5 months pregnant and will be unable to fulfill her obligations with continuing representation in this case." (DE 84 ¶ 7). Attorney Moore informed the Court that she

---

[2] The Copyright Office has indicated the distributing copies of a song for the purpose of playing and/or promoting the work constitutes publication, such that an unpublished registration would be improper. See Case No. 13-24700-Civ-Williams (S.D. Fla. 2013) at DE 383-1.

2

"sought to withdraw and replace herself with another attorney, however, it has been over one month and Plaintiff has been unable to locate additional counsel to appear on the pending matter." (*Id.* ¶ 9). Attorney Moore explained that "Plaintiff's counsel does not intend to refile this lawsuit," and that the motion was "intended to facilitate an end to the litigation without preclusive effect or prejudice as to any party." (*Id.* ¶¶ 10-11). That same day, Plaintiff also filed a motion to stay "until the court determines whether it will dismiss this matter without prejudice." (DE 85).

Plaintiff also filed a response to the motions to dismiss on March 7, 2016. (DE 86). Plaintiff stated that he "was filing an amendment to the first copyright registration which would adequately describe what was submitted to the Copyright Office in 1995 and correct the language therein." (DE 86 ¶ 4). Plaintiff explained that he referenced the two copyright registrations in his amended complaint "merely to show that two registrations were filed regarding the musical composition, not to travel under both the first and the second registration. If Plaintiff intended to travel under the second copyright, he would not need to do an amendment to the first registration. Furthermore, Plaintiff would not be entitled to make a claim for either statutory damages under 17 USC § 504C or attorney's fees under 17 USC § 505 if he proceeded under the second copyright registration." (DE 86 ¶¶ 4-5).

On March 16, 2016, Defendant Warner Bros. Records Inc. filed a response to Plaintiff's motion to voluntarily dismiss the case. (DE 88). Warner Bros. argued that "Plaintiff has engaged in a clear pattern of delay and willful contempt." (DE 88 at 2). In support of that contention, Warner Bros. noted that in 2007, Plaintiff sued the same defendants for the same claims in the Supreme Court of Judicature, Barbados. (DE 88

3

at 2). Warner Bros. attached letters sent from Plaintiff's Barbados attorney regarding the 2007 lawsuit. Then, in 2010, Plaintiff hired a Miami attorney to send a demand letter with a draft complaint to the same defendants regarding the same claims. (DE 88 at 3). It does not appear that Plaintiff pursued any legal action following the 2010 demand letter. In addition, the Court notes that the musicologist report filed in support of Plaintiff's claim was completed in 1998 at the behest of the Plaintiff. As Warner Bros. argued, "Plaintiff has been initiating and then discontinuing this case multiple times over the past 20 years. This demonstrates a 'clear pattern of delay'." (DE 88 at 3).

The next day, on March 17, 2016, the Court set a hearing on Plaintiff's motion to voluntarily dismiss the action for April 8, 2016. On March 19, 2016, Plaintiff filed a notice that he was withdrawing his motion to voluntarily dismiss the case. (DE 91). That same day, Attorney Moore filed a motion to withdraw as attorney for Plaintiff on the basis of her pregnancy. (DE 92).[3] Attorney Moore sought a thirty-day stay for Plaintiff to retain new counsel. (DE 92). As of the date of this Order, Plaintiff has not secured new counsel, despite Attorney Moore's assertion that she had been seeking an attorney to replace her since, at least, early February.[4]

Notwithstanding defense counsel's motion to withdraw and request for a stay, on April 7, 2016, Plaintiff filed a supplement to his amended complaint. (DE 95). That supplement stated that Plaintiff was the owner of the exclusive rights to the song entitled 'Phone Sex' and that, the day prior, he "filed an amended registration Form CA on April 6, 2016 at the U.S. Copyright Office." (DE 95). At the April 8, 2015 hearing, the

---

[3] Ms. Moore was four months pregnant when she filed the 78-page complaint and continued to prosecute this matter.

[4] And despite the many, many, years Plaintiff has been pursuing and abandoning this case.

4

Court inquired as to whether the Copyright Office was informed of the pending litigation. Plaintiff's counsel averred that she had called the Copyright Office, had spoken to "John" (last name unknown) and informed him of the pending litigation. Consequently, Plaintiff's counsel asserted that the Register of Copyrights was informed of the litigation when the supplemental registration was filed. The supplemental registration purports to radically change the nature of the work copyrighted from merely lyrics to "song melody, lyrics, arrangement, and performance." (DE 95).

Although a copyright owner may file an application for supplementary registration "to correct an error in a copyright registration or to amplify the information given in a registration," the "[t]he information contained in a supplementary registration augments but does not supersede that contained in the earlier registration," and the earlier registration is not "expunged or cancelled." See 17 U.S.C. § 408(d); 37 C.F.R. § 201.5. The Copyright Office does not permit a supplementary registration to reflect changes in the content of the work or errors with the deposit copies submitted with the application. See 37 C.F.R. § 201.5[b][2][iii][B]. In addition, the Copyright Office will usually decline to issue a supplementary registration if the Office is aware that there is actual or prospective litigation, particularly when it seems likely that the proposed change would be directly at issue in the litigation. See Compendium of Copyright Office Practices, Third Edition, available at http://copyright.gov/comp3, Chapter 1800 § 1802.9(F).

Based upon the foregoing and for the reasons discussed at the hearing it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Elm's motion to strike the amended complaint (DE 80) is **GRANTED.**

2. Defendant Forty Acre and a Mule Filmworks Inc.'s motion to dismiss or strike the amended complaint (DE 82) is **GRANTED.**

3. Defendant Warner Bros. Records Inc.'s motion to dismiss or strike the amended complaint (DE 83) is **GRANTED.**

4. Plaintiff's first motion to stay further proceedings (DE 85) is **DENIED.**

5. Defendant Warner Bros. Record's Inc.'s motion for a hearing (DE 88) is **DENIED AS MOOT.**

6. Destardes K. Moore's motion to withdraw as attorney (DE 92) is **GRANTED.** Ms. Moore shall not be permitted to appear in this action and **SHALL** promptly serve this Order on Plaintiff.

7. Plaintiff's motion for an extension of time (DE 93) is **DENIED.**

8. Plaintiff shall have until **May 9, 2016** to file a final amended complaint, not to exceed 30 pages. **NO EXTENSIONS WILL BE GRANTED.**

9. All deadlines imposed by the Court's scheduling order are **STAYED.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 14th day of April, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE